UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT SWALLERS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:15-cv-01560-TWP-MJD |
| ) | |
| MARILYN MOORES, et al., ) | |
| ) | |
| Respondents. ) | |

**Entry and Notice**

**I.**

The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)); *see also Charlton v. Morris,* 53 F.3d 929, 929 (8th Cir.) (*per curiam* ) ("District Court was without jurisdiction to address the merits of . . . section 2254 petition because [the petitioner] . . . was no longer 'in custody' for his state conviction"), *cert. denied,* 516 U.S. 926 (1995); *United States ex rel. Dessus v. Commonwealth of Pennsylvania,* 452 F.2d 557, 559–60 (3rd Cir. 1971) ("the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody'"), *cert. denied,* 409 U.S. 853 (1972).

Mr. Swallers was given through November 13, 2015 in which to supplement his petition for writ of habeas corpus by explaining in simple and direct terms how he satisfies the "in custody" requirement in this case--if it is his contention that he does so. He has not done so, nor does the docket show that he has made any effort to do so.

As previously explained, Mr. Swallers joined in this action for habeas corpus relief as a co-petitioner but failed to coherently allege that he could satisfy the "in custody" requirement of the federal habeas statute. He has not remedied this deficiency, and for this reason the action is **dismissed for lack of jurisdiction** as to any claim for habeas corpus relief asserted by Mr. Swallers.

## II.

Mr. Swallers also asserted a claim for habeas corpus relief on behalf of his minor daughter, Abigail Swallers. His "next friend" claim was dismissed on October 20, 2015. In that ruling, however, Mr. Swallers was given 60 days in which to "report his efforts and intentions to the Court" regarding obtaining counsel to seek to reinstate the "next friend" claim. That time has not yet expired, so it remains to be determined whether Mr. Swallers will obtain counsel so that he can proceed on behalf of Abigail Swallers, at least as to representation.

## III.

Resolution of the claim asserted by Mr. Swallers has not resulted in the resolution of all claims by and against all parties. No partial final judgment shall issue at this time as to the resolution of the claim for habeas corpus relief asserted by Mr. Swallers in Part I of this Entry.

IT IS SO ORDERED.

Date: 12/7/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241