UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENT SWALLERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:15-cv-01560-TWP-MJD |
| | ) | |
| MARILYN MOORES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Discussing Selected Matters**

**I.**

This matter is before the Court on numerous matters filed on January 8, 2016. (See Dkts. No. 37, 38, 39, 40, 41 and 42).

Mr. Swallers' Petition for Writ of Habeas Corpus was dismissed through the docketing of a final judgment on December 22, 2015. (Dkt. No. 32). That final judgment has not been vacated or modified. Following the Court's entry of final judgment, on January 8, 2016, Mr. Swallers' filed several Notices, a copy of a purported "Order to Show Cause," and a Writ of Error Quae Coram Nobis Resident. Given his pro se status, the Court liberally construes the documents filed on January 8, 2016, and those documents will be ***treated in the aggregate as a motion to alter or amend judgment***. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

**II.**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district

court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).

Rule 59(e) provides a basis for relief, where, as here, a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174–76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.").

There was no manifest error of law or fact in this case. The court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in finding that dismissal was required. Accordingly, the motion to alter or amend judgment, consisting of the aggregate of the

petitioner's filings of January 8, 2016, is **DENIED**.

### III.

The motion to alter or amend judgment referenced in Part I of this Entry contains a renewed request that the undersigned recuse. This renewed request is based on the petitioner's disagreement with the course of proceedings herein and with the disposition of the case. These are not circumstances warranting recusal, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Accordingly, Mr. Swallers' renewed request that the undersigned recuse is **DENIED.**

SO ORDERED.

Date: 1/13/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241